IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LATIN PAVERS, INC., ) <br> Defendant. ) | Case No. 12 C 0071 <br><br> Honorable Joan B. Gottschall |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (collectively the "Funds"), by their attorneys, hereby move for judgment in sum certain against defendant, Latin Pavers, Inc., (the "Company"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of the this motion, plaintiffs by their attorneys state:

1. On January 5, 2012, plaintiffs filed an amended complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331 alleging that at all material times defendant has an obligation, arising from a collective bargaining agreement to make contributions to plaintiffs' Funds, to submit to an audit

1

upon demand and to obtain and maintain a surety bond. In the Complaint, plaintiffs specifically alleged that defendant failed to report and pay contributions from May 2011 to the present. Plaintiffs requested relief included producing books and records for an audit upon plaintiffs' request. (See Docket #1).

2. On July 30, 2013, after failing to appear in person or by counsel as ordered by this Court (See Docket #34), the Court entered an order of default against the defendant, Latin Pavers and in favor of the plaintiffs.

3. As established by the Laborers' Field Representative, James Fosco, the Company of Richard J. Wolf And Company, Inc. ("Wolf"), was selected to perform a review of the Company's books and records for the period between November 1, 2009 through December 31, 2011 for the Funds. (See attached, Exhibit 1, ¶2, Fosco Affidavit). The Wolf audit report dated, April 27, 2012, showed principal contributions owed to the Welfare, Pension, Training, LMDC, WGC and LECET funds and for Union dues in the total amount of $49,102.55. (See, Exhibit 2, Revised Audit Report).

4. The Company reviewed the Wolf audit report, and objected to the audit findings. After due consideration to the Company's objections, the Funds agreed to revise down the audit, such that the total amount of $22,423.92 remains due for principal contributions owed to the Welfare, Pension, Training, LMDC, WGC and LECET funds and for Union dues. (See, Exh. 1, ¶3, Fosco Affidavit; Exh. 2, Revised Audit Report). Based on the revised audit, Mr. Fosco prepared a summary report, which is attached to his affidavit as Exhibit 1A. (See, Exh. 1, ¶4).

5. According to the collective bargaining agreement and trust agreements to which the defendant is bound, payment is also owed for liquidated damages in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Pension, and Training funds, and ten (10)

percent of the principal amount of delinquent contributions to the LDMC, WGC and LECET funds, and for Union dues. Additionally, interest is calculated at twelve (12) percent and is owed for all delinquencies excluding union dues. As such, liquidated damages are owed in the amount of $4,233.65 to the Welfare, Pension and Training funds, liquidated damages are owed in the amount of $125.56 to LDCLMCC, WGC and LECET funds and Union dues, and $5,495.97 is owed in accumulated interest to date. (See, Exh. 1A, Summary Report; Exh. 1, ¶4 and ¶5, Fosco Affidavit)

6.  Also, as established by Mr. Fosco, when the Funds filed the present lawsuit, the Company ceased to submit payments to the Funds for its prior installment note, leaving a total unpaid balance due in the amount of $4,694.24, which is shown remaining on the Company's payment plan worksheet that is attached as Exhibit 1B. (See , Exh. 1 ¶6, Fosco Affidavit; Exh. 1B, Installment Note Worksheet).

7.  The defendant is also obligated to pay the $900.00 for the cost of the audit based on the respective Collective Bargaining Agreement and Trust Agreements to which it is bound. (See, Exh 1, ¶8, Fosco Affidavit; Exh. 2, p.2, Revised Audit Report).

8.  Plaintiffs are further entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $12,992.50 plus court costs of $420.00, which consist of service of process and filing fees. (See, Exhibit 3, Schumann Affidavit, and Exhibit 3A, Attorney fee report).

**WHEREFORE,** plaintiffs request entry of judgment against the defendant, Latin Pavers, Inc., pursuant to F.R. Civ. P., Rule 55, and request that the Court order judgment in a total amount of $51,285.84 to be entered. Further, plaintiffs request the Court order specify that, should the

defendant resume operations, it must report hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreement, and it must provide written proof that it has obtained a surety bond to plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606.

Respectfully submitted,

/s/ Sara S. Schumann
One of Plaintiffs' counsel

Karen I. Engelhardt
Sara S. Schumann
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

August 1, 2013